22-1558
Zivkovic v. Laura Christy LLC

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term 2023

(Argued: February 13, 2024
 Final submission: October 11, 2024                    Decided:   May 15, 2025)

Docket No. 22-1558

_____

PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,

*Plaintiff-Appellee*,

- v. -

LAURA CHRISTY LLC, d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,

*Defendants-Appellants.*[*]

_____

Before:  KEARSE, PARK, and ROBINSON, *Circuit Judges*.

This appeal--from a June 22, 2022 Judgment that was superseded by a

---

[*]     The Clerk of Court is instructed to amend the official caption to conform with the above.

July 4, 2023 Partial Judgment of the United States District Court for the Southern District of New York, Gregory H. Woods, *Judge*, awarding relief to class-action plaintiffs in accordance with a jury verdict on their claims under various provisions of the New York Labor Law ("NYLL") following defendants' motion for a new trial (which was granted in part as to other state-law claims) and plaintiffs' motion pursuant to Fed. R. Civ. P. 54(b) for entry of a partial final judgment--

returns to us following proceedings on our remand pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for clarification of the record as to the outcome of plaintiffs' claims under the federal Fair Labor Standards Act ("FLSA"), the status of which--given that the FLSA claims are not mentioned in the Judgment or the Partial Judgment--may affect this Court's jurisdiction to entertain the appeal, *see Zivkovic v. Laura Christy LLC*, 94 F.4th 269 (2d Cir. 2024). After proceedings on remand, the district court granted plaintiffs' request for a "conditional dismissal of their still-pending FLSA claims," and it clarified that if this Court reverses or otherwise vacates the Partial Judgment in favor of plaintiffs on their NYLL claims, plaintiffs may "reinstate[]" and pursue their FLSA claims. District Court Order dated May 6, 2024.

Given that plaintiffs' FLSA and NYLL claims arise from the same factual circumstances but have different parameters, and that there is a federal policy against piecemeal appeals, *see* 28 U.S.C. § 1291; *Curtiss-Wright Corp. v. General Electric Co.*, 446

U.S. 1, 10 (1980), we conclude that the Rule 54(b) certification for a final judgment as to the NYLL claims was inappropriate in light of plaintiffs' reservation of the right to reinstate their FLSA claims if they lose on appeal with respect to their NYLL claims. There being no final judgment that meets the requirements of § 1291 and Rule 54(b), we lack jurisdiction to entertain this appeal from the decision of plaintiffs' NYLL claims.

Appeal dismissed for lack of appellate jurisdiction.

JOSEF NUSSBAUM, New York, New York (D. Maimon Kirschenbaum, Lucas C. Buzzard, Joseph & Kirschenbaum, New York, New York, on the brief), *for Plaintiff-Appellee*.

DANIEL S. ALTER, White Plains, New York (Abrams Fensterman, White Plains, New York, on the brief), *for Defendants-Appellants*.

KEARSE, *Circuit Judge*:

This appeal--from a June 22, 2022 Judgment (or "2022 Judgment") that was superseded by a July 4, 2023 Partial Judgment (or "2023 Partial Judgment") of the United States District Court for the Southern District of New York, Gregory H. Woods, *Judge*, awarding relief to class-action plaintiffs in accordance with a jury verdict on their claims under various provisions of the New York Labor Law

- 3 -

("NYLL") following defendants' motion for a new trial (which was granted in part as to other state-law claims) and plaintiffs' motion pursuant to Fed. R. Civ. P. 54(b) for entry of a partial final judgment--returns to us following proceedings on our remand pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for clarification of the record as to the outcome of plaintiffs' claims under the federal Fair Labor Standards Act ("FLSA"), the status of which--given that the FLSA claims are not mentioned in the 2022 Judgment or the Partial Judgment--may affect this Court's jurisdiction to entertain the appeal, *see Zivkovic v. Laura Christy LLC*, 94 F.4th 269 (2d Cir. 2024) ("*Zivkovic I*"). After proceedings on remand, the district court granted plaintiffs' request for a "conditional dismissal of their still-pending FLSA claims," and it clarified that if this Court reverses or otherwise vacates the Partial Judgment in favor of plaintiffs on their NYLL claims, plaintiffs may "reinstate[]" and pursue their FLSA claims. District Court Order dated May 6, 2024 ("May 6, 2024 Order").

Given that plaintiffs' FLSA and NYLL claims arise from the same factual circumstances but have different parameters, and that there is a federal policy against piecemeal appeals, *see generally* 28 U.S.C. § 1291; *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980), we conclude that the Rule 54(b) certification for a final judgment as to the NYLL claims was inappropriate in light of plaintiffs' reservation of the right to reinstate their FLSA claims if they lose on appeal with respect to their

- 4 -

NYLL claims. There being no final judgment that meets the requirements of § 1291 and Rule 54(b), we lack jurisdiction to entertain this appeal from the decision of plaintiffs' NYLL claims.

## I. BACKGROUND

Zivkovic commenced this action in 2017 on behalf of himself and nearly 400 restaurant workers who were current or former "front-of-house"--or "tipped"--employees of defendants Laura Christy LLC d/b/a Valbella ("Valbella") and Laura Christy Midtown LLC ("Midtown"), which operated two New York City restaurants and were owned by defendant David Ghatanfard (collectively the "restaurant defendants"). In 2018, the district court certified a plaintiff subclass of such employees with respect to each of the two restaurants (collectively the "subclass plaintiffs"). On behalf of the subclass plaintiffs, the complaint alleged principally that the restaurant defendants violated minimum-wage and overtime-pay requirements of the FLSA, *see* 29 U.S.C. §§ 201 *et seq.*, and of the NYLL and New York Codes Rules and Regulations ("NYCRR"), *see* NYLL §§ 650 *et seq.*, and NYCRR Title 12, §§ 137-1.7, 146-1.4, 146-1.6; and failed to give the notices of, *inter alia*, annual pay rates as required by NYLL § 195.

A. *The Trial, the Judgment, and the Rule 54(b) Partial Judgment*

Prior to trial, at the suggestion of the district court, the parties agreed that, of the subclasses' claims against the restaurant defendants, only those under the NYLL and the NYCRR--and not their claims under the FLSA--would be submitted to the jury since "the New York Labor Law is substantially more favorable [to employees] in many regards than the federal law," and it would simplify the issues and the instructions to the jury (Hearing Transcript, October 18, 2019, at 17; *see also* Hearing Transcript, May 10, 2023, at 8 ("The parties . . . agreed that [the court] would only charge the jury with respect to the NYLL claims, since liability with respect to them would establish liability under the FLSA and there could be no duplicative recovery.")).  Accordingly, the jury was asked to decide only the subclass plaintiffs' NYLL claims, along with state-law claims by Zivkovic individually against Midtown, Ghatanfard, and defendant Genco Luca, Midtown's executive chef, alleging national-origin discrimination and common-law battery.

On the subclass plaintiffs' state-law claims, the jury awarded the class plaintiffs nearly $4,510,000, including prejudgment interest.  To this amount, the court added attorneys' fees and costs as required by NYLL fee-shifting provisions, arriving at a total award to the subclass plaintiffs of $5,092,017.85.  On June 22, 2022, the court entered the 2022 Judgment in that amount in favor of the subclass plaintiffs against

the restaurant defendants, jointly and severally. The judgment also included the jury's verdict in favor of Zivkovic on his national-origin discrimination claims against Midtown, Ghatanfard, and Luca, awarding a total of $10,000 in compensatory damages, and a total of $670,000 in punitive damages.

The Judgment directed the Clerk of Court "to close this case." It made no mention of the subclass plaintiffs' claims under the FLSA.

Thereafter defendants timely moved in the district court for a new trial on various grounds; and they subsequently filed a notice of appeal to this Court, which was premature--and hence delayed the appeal--because of the pendency of their new-trial motion in the district court. In an order announced orally and filed on May 10, 2023, the district court granted defendants' new-trial motion in part, but only with respect to aspects of the awards to Zivkovic individually; the court expressly left undisturbed the awards in favor of the subclass plaintiffs. Defendants filed an amended notice of appeal, challenging the 2022 Judgment and so much of the May 10, 2023 order as denied their motion for a new trial.

On June 22, 2023, plaintiffs filed a motion asking the court to enter a partial final judgment pursuant to Rule 54(b), in order to permit immediate appellate review of the undisturbed part of the Judgment that granted damages to the subclass plaintiffs. The motion pointed out, *inter alia*, that there was no overlap between the

subclass plaintiffs' NYLL claims and Zivkovic's individual claims of national-origin discrimination. It made no mention of the claims under the FLSA.

The district court granted the Rule 54(b) motion in a Memorandum Opinion and Order dated June 30, 2023 ("June 2023 Opinion"). The court found, *inter alia*, that the initial requirements for Rule 54(b) certification were satisfied because "there are multiple claims and parties, and most of the claims have been finally determined." June 2023 Opinion at 7. In considering whether the adjudicated claims are "separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals," *id*. (internal quotation marks omitted), the court compared the factual issues and legal principles governing the subclass plaintiffs' NYLL claims with those concerning Zivkovic's "individual claims" that "he was treated differently because of his national origin," *id*. The court found that recoveries for those individual claims and the class claims were not mutually exclusive and that an appellate court would not need to make duplicative findings if the two sets of claims were appealed separately. *See id*. at 7-8. Aside from mentioning that the complaint asserted causes of action under the FLSA, *see id*. at 1, and that the parties had agreed to submit only the NYLL claims to the jury "since liability with respect to [the NYLL] claims would establish liability

under the FLSA and there can be no double recovery," *id*. at 2 n.1, the June 2023 Opinion did not discuss or otherwise refer to plaintiffs' FLSA claims.

The 2023 Partial Judgment was entered on July 4, 2023, certifying that the court found no just reason to delay appellate review of the judgment in favor of the subclass plaintiffs on their claims under the NYLL.

After entry of the Partial Judgment resolving defendants' motion for a new trial, the restaurant defendants filed their brief on appeal, and this Court ordered that the appeal be expedited. Further proceedings were thereafter delayed briefly when Midtown and Ghatanfard commenced proceedings in bankruptcy, triggering the automatic stay, *see* 11 U.S.C. § 362, which was soon lifted. Plaintiffs then filed their responding brief on appeal, and we heard oral argument of the appeal in February 2024.

B. *The Clarification on Remand*

At oral argument of the appeal, we inquired as to the status of the FLSA claims. Defendants contended that those claims had been abandoned by the subclass plaintiffs and thus were moot. And based on that view, defendants also argued that it was an abuse of discretion for the district court to have continued to exercise

supplemental jurisdiction over any claims arising under state law. They urged us to vacate the Partial Judgment and remand with instructions for the district court to dismiss the action, without prejudice. Plaintiffs denied abandoning their FLSA claims, arguing that those claims were neither dismissed nor moot but had simply been subsumed under or were encompassed by the NYLL claims. Plaintiffs contended that the Partial Judgment thus implicitly included judgment in their favor on the FLSA claims.

As we were unable to locate in the record any order dismissing or otherwise adjudicating the FLSA claims, we remanded to the district court, asking it to "clarify the record as to the status of the [FLSA] claims," *Zivkovic I*, 94 F.4th at 270. We noted that the "lack of clarity as to the status of the FLSA claims impairs our ability to review Defendants' challenges," which not only would affect defendants' contention that the court was required to decline supplemental jurisdiction and dismiss the case, but more fundamentally "leads to questions about the validity of the district court's judgment certifying this appeal pursuant to Federal Rule of Civil Procedure 54(b)." *Id*. at 271.

After hearing from both sides on remand, the district entered an order stating, in pertinent part, as follows:

WHEREAS Plaintiffs have moved pursuant to Fed. R. Civ.

P. 41(a)(2) to *conditionally dismiss* their FLSA claims as moot in light of the judgment in their favor on the NYLL claims *without prejudice to reinstatement if but only if the judgment in their favor on the NYLL claims is reversed or otherwise vacated on appeal*;

WHEREAS Plaintiffs cannot recover twice under both the FLSA and NYLL for the same injury, . . . and Plaintiffs' damages award on their NYLL claims subsumed any award to which they may have been entitled under the FLSA . . . ;

. . . .

NOW, THEREFORE, it is HEREBY ORDERED that *Plaintiffs' motion for conditional dismissal of their still-pending FLSA claims* pursuant to Fed. R. Civ. P. 41(a)(2) *is GRANTED.*

It is further ORDERED that Plaintiffs' FLSA claims are dismissed in light of the jury verdict and judgment in favor of Plaintiffs on their NYLL claims. . . .

*It is further ORDERED that Plaintiffs' FLSA claims may be reinstated if, but only if, the judgment in Plaintiffs' favor on the NYLL claims is reversed or otherwise vacated by the Second Circuit on appeal. See Purdy v. Zeldes*, 337 F.3d 253, 257 (2d Cir. 2003) . . . .

The conditional dismissal of the FLSA claims ordered here is consistent with the Court's understanding of the effect and intent of the parties' stipulation regarding the trial of only Plaintiffs' NYLL claims--namely that trial of the NYLL claims would simplify the issues to be presented to the jury and not have a substantive adverse impact on the positions of any party with respect to Plaintiffs' wage and hour claims.

May 6, 2024 Order (or "2024 Order"), at 2-4 (internal quotation marks omitted)

(emphases ours).

- 11 -

The parties promptly notified us of the 2024 Order and submitted supplementary briefing on their respective positions as to the status of the FLSA claims. Defendants' counsel of record filed a supplemental letter brief that stated, *inter alia*, that "both sides agree that th[e FLSA] claims became moot once the jury delivered its verdict on the Class Plaintiffs' NYLL claims," and they argued that thus, as a matter of "constitutional necessity," the case should then have been dismissed immediately for lack of subject matter jurisdiction. (Letter from Daniel S. Alter, Abrams Fensterman, dated May 7, 2024, at 2 & n.1.) Plaintiffs disagreed, stating that, as they had consistently maintained, their FLSA claims "were subsumed by their NYLL claims once the verdict and judgment on the NYLL claims were entered"; but their claims only became "moot" when the district court entered the 2024 Order dismissing the FLSA claims. (Plaintiffs' letter brief dated May 21, 2024, at 2 & n.2.)

In the interim between these two submissions, bankruptcy trustees for Midtown and Ghatanfard respectively--who had been appointed in April 2024--filed with this Court a joint request that we "defer any rulings in this appeal for a period of approximately six months" in order that they might familiarize themselves with the case and "seek a global resolution" of the claims. (Letter from Neil Berger, counsel for the Midtown trustee, and Yann Geron, counsel for the Ghatanfard trustee, dated May 17, 2024, at 1-2.) In October 2024, counsel for the Midtown and Ghatanfard

- 12 -

bankruptcy trustees notified us that efforts at a global resolution had been unsuccessful, and asked us to resume consideration of the appeal. (Letter from Neil Berger and Yann Geron dated October 11, 2024.)

## II. DISCUSSION

Having reviewed the record and the district court's 2024 Order, we cannot agree with the parties' contentions either that plaintiffs' FLSA claims became moot in the constitutional sense upon entry of the 2022 Judgment on the jury's verdict on the NYLL claims, or that the district court's entry of the 2023 Partial Judgment and its 2024 Order made the FLSA claims moot by granting plaintiffs' motion for their conditional dismissal. We conclude further that the nature of the conditional dismissal, preserving plaintiffs' right to pursue their FLSA claims if the judgment in their favor on the NYLL claims is overturned on appeal, means that the FLSA claims were not finally resolved, and that the Rule 54(b) certification for entry of a partial final judgment was inapt.

Title 28 of the United States Code gives federal courts of appeals jurisdiction of appeals from "final decisions" of the federal district courts. 28 U.S.C. § 1291. In addition, 28 U.S.C. §§ 1292(a) and (b) give the courts of appeals jurisdiction

to entertain appeals from certain kinds of interlocutory orders, none of which are at issue here. In the federal court system, there is a general policy against piecemeal appeals. *See*, *e.g.*, *Curtiss-Wright*, 446 U.S. at 8.

As relevant here, Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The various components of the district court's decision are subject to differing standards of review.

The matter of whether there are separate claims is a question of law that we review *de novo*. *See*, *e.g.*, *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091-92 (2d Cir. 1992). The district court's determination that there is no just reason for delay is entitled to "substantial deference," *Curtiss-Wright*, 446 U.S. at 10, and will be set aside only for abuse of discretion. However, given that the entry of such a partial final judgment entitles an aggrieved party to take an immediate appeal, respect for the "'historic federal policy against piecemeal appeals'" requires that such a certification not be granted routinely. *Id*. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 438 (1956) ("*Sears, Roebuck*")).

> Not all final judgments *on individual claims* should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. . . . It is left to the sound judicial

- 14 -

discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. . . . *This discretion is to be exercised "in the interest of sound judicial administration."* . . . .

*Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests* as well as the equities involved. *Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."* . . . . It [i]s therefore proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and *whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.*

*Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears, Roebuck*, 351 U.S. at 435, 437, 438 (emphases ours)). Accordingly, in the analysis of whether a Rule 54(b) certification was appropriate, "the standard against which a district court's exercise of discretion is to be judged is the interest of sound judicial administration." *Curtiss-Wright*, 446 U.S. at 10 (internal quotation marks omitted). "The court of appeals must . . . scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to *prevent piecemeal appeals in cases which should be reviewed only as single units,*" and should give substantial deference to the district court's exercise of discretion "*once [the] juridical concerns have been met.*" *Id*. (emphases added); *see Pahlavi v. Palandjian*, 744 F.2d 902, 904 n.5 (1st Cir. 1984) ("It is only after th[e] first [*Curtiss-

- 15 -

*Wright*] test is met that the appeals court should go on to review the trial court's assessment of the equities . . . .").

In *Zivkovic I*, we noted that "[i]t is undisputed that the NYLL and FLSA claims form part of the same case or controversy," 94 F.4th at 271. The subclass plaintiffs asserted seven causes of action, including two claims that defendants failed to pay plaintiffs the minimum wage, in violation of the FLSA and NYLL (*see* Complaint ¶¶ 52-55 and ¶¶ 61-65, respectively), and two claims that defendants failed to pay plaintiffs the proper overtime amounts, in violation of the FLSA and NYLL (*see* Complaint ¶¶ 56-60 and ¶¶ 66-69, respectively). We noted that the lack of clarity in the record as to whether the FLSA claims had been adjudicated caused us to have "questions about the validity of the district court's judgment certifying this appeal pursuant to Federal Rule of Civil Procedure 54(b)." *Zivkovic I*, 94 F.4th at 271.

As described in Part I.B. above, the district court in its 2024 Order clarified the status of the FLSA claims by, at plaintiffs' request, dismissing the FLSA claims conditionally, reserving to plaintiffs the right to reinstate those claims if their NYLL claims are reversed or otherwise vacated on appeal. We have considerable difficulty with the 2024 Order, first as to its insufficiency to achieve the finality required by § 1291, and second as to its assessment, for Rule 54(b) purposes, of judicial efficiency.

A. *Statutory Jurisdiction*

"Federal appellate jurisdiction" under § 1291 "generally depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks omitted). While defendants argue that plaintiffs' FLSA claims should already have been dismissed for lack of subject matter jurisdiction on the basis that they became moot the moment that the 2022 Judgment was entered on the jury verdict for plaintiffs on the NYLL claims, there could be no such "execution" of the 2022 Judgment because any mootness of the FLSA claims was (and currently is) inchoate. To be sure, the 2024 Order makes clear that plaintiffs will have no right to reinstate the FLSA claims if the judgment on their NYLL claims is affirmed. But until there is such an affirmance, the FLSA claims are not dead; and there can be no affirmance if appellate jurisdiction is lacking. Thus, with or without the 2024 order, the FLSA claims are not moot so long as any party has a right to have the decision on the NYLL claims reviewed.

Our § 1291-related difficulty with the 2024 Order itself is that it allows the subclass plaintiffs to make an end-run around that section's finality requirement; and indeed it ensures that if plaintiffs do not preserve their victory on the NYLL claims, their defeat is not final. We have generally held that when fewer than all of

a plaintiff's claims have been dismissed, the plaintiff may secure immediate appellate review of the dismissals by definitively agreeing to forgo pursuit of the claims that remain pending. *See, e.g.*, *Flynn v. McGraw Hill LLC*, 120 F.4th 1157, 1164 (2d Cir. 2024) (finding § 1291 jurisdiction over an appeal challenging the dismissal of two of the plaintiffs' three claims where the plaintiffs, in the district court, stipulated to the voluntary dismissal of the remaining claim "with prejudice"); *Alix v. McKinsey & Co.*, 23 F.4th 196, 203 (2d Cir. 2022) (same where the plaintiff, in filing his appellate preargument forms, attached an addendum "stat[ing] that . . . he hereby discontinues with prejudice [his] State Law Claims" (internal quotation marks omitted)); *Jewish People for the Betterment of Westhampton Beach v. Village of Westhampton Beach*, 778 F.3d 390, 394 (2d Cir. 2015) (same where the plaintiffs had initially stipulated to the dismissal of their remaining claims "without prejudice," but in their reply brief on appeal "disclaim[ed] any intent to revive" those claims, effectively agreeing to "a dismissal *with prejudice*" (emphasis in original)); *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 255 (2d Cir. 2015) (same where the appellant "agreed to a dismissal of his remaining claim . . . with prejudice" at the "[oral] argument before us").

However, where a plaintiff receiving a decision that dismissed some but not all of his claims has sought immediate appellate review by voluntarily dismissing the other claims without prejudice, we have generally found § 1291 unsatisfied and

- 18 -

have dismissed for lack of appellate jurisdiction. As noted in *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652 (2d Cir. 1996), § 1291's finality requirement is satisfied when an appeal of an adverse determination of some of the plaintiff's claims is followed by his voluntary dismissal of the remaining claims "with prejudice," but a voluntary dismissal of his remaining claims without prejudice "necessarily implicates the policies of the final judgment rule." *Id*. at 654. Allowing appeals when some claims remain merely dormant would work an "end-run around the final judgment rule" because "a dismissal without prejudice does not preclude another action on the same claims, (and) a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal." *Scottsdale Insurance Co. v. McGrath*, 88 F.4th 369, 379 (2d Cir. 2023) ("*Scottsdale*") (internal quotation marks omitted). Thus, an "'immediate appeal is unavailable to a plaintiff who seeks review of an adverse decision on some of its claims by voluntarily dismissing the others *without prejudice*.'" *Id*. (quoting *Rabbi Jacob Joseph School v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005) ("*Rabbi Jacob Joseph School*") (emphasis in "*Rabbi Jacob Joseph School*").)

The district court in the present case, as authority for the view that its conditional dismissal of the FLSA claims without prejudice would permit an

immediate appeal of the Partial Judgment, cited *Purdy v. Zeldes*, 337 F.3d 253 (2d Cir. 2003) ("*Purdy*"). In that case, we entertained an appeal by the plaintiff from a judgment dismissing two of his three claims, where he agreed to have his third claim dismissed "without prejudice to refiling it if, but only if, the dismissal of his first two claims was reversed on appeal." *Id*. at 257. We found that § 1291's finality rule was not fully implicated by Purdy in the manner described in *Chappelle*, because "Purdy runs the risk that *if his appeal is unsuccessful*, his . . . *case comes to an end*." Id. at 258 (emphases ours).

In *Scottsdale*, the plaintiff insurance company sought to appeal the denial of its motion for a partial summary judgment declaring that it had no duty to defend the defendants; and one of the defendants cross-appealed to challenge the grant of a partial summary judgment dismissing certain of his counterclaims. Although there remained unadjudicated claims by Scottsdale against several defendants, the parties, stating their desire to "permit this case to proceed to an appeal of the [above] Summary Judgment [rulings]," 88 F.3d at 374 (internal quotation marks omitted), entered into an agreement as to the amounts of damages and attorneys' fees Scottsdale would pay with respect to an unadjudicated counterclaim against it for breach of its duty to defend. The parties' agreement made no other reference to the parties' unresolved claims; but it specified that "if, on appeal, either of the district

- 20 -

court's two summary judgment rulings was even partly vacated or reversed," the agreement would be entirely void and of no effect. *Id*. at 372.

The *Scottsdale* panel found for several reasons (including the lack of a proper Rule 54(b) certification) that appellate jurisdiction was lacking. *See id*. at 375-76. As to the finality required by § 1291, we considered the decision in *Purdy*--which we noted "is in tension with a more stringent approach to finality" employed by a number of our Sister Circuits, *Scottsdale*, 88 F.4th at 380 n.9 (collecting cases)--and concluded that *Purdy* involved circumstances that were materially different, *see id*. While Purdy secured an immediate appeal of his two dismissed claims by risking the loss of his right to have his third claim adjudicated--in that he gave up any right to pursue that third claim if he lost on appeal--Scottsdale took no such risk. We saw in *Scottsdale* that there was no final judgment because the parties' agreement "ha[d] the effect of conditionally dismissing Counts Two through Four of Scottsdale's complaint, but allow[ed] Scottsdale to reassert those claims *even if it los[t] its appeal*." *Id*. at 381 (emphasis in original). We thus found *Purdy* distinguishable and held that the judgment in *Scottsdale* was "not a 'final decision[]' under § 1291 because it d[id] not resolve all claims of the parties to the litigation." *Id*. at 376.

The voluntary dismissal at issue here parallels that in *Scottsdale*, not the

one in *Purdy*. The subclass plaintiffs here, unlike Purdy, have risked nothing. If plaintiffs here win on appeal, their FLSA claims--which are based on the same underlying facts but provide less recompense than the NYLL claims--will be moot because there can be no double recovery. And if plaintiffs lose on appeal, the conditional dismissal allows their FLSA claims to spring back to life.

In *Scottsdale*, we also noted "some tension between *Purdy* and the Supreme Court's reasoning in *Microsoft Corp. v. Baker*, [582 U.S. 23 (2017)]." 88 F.4th at 380 n.9. The plaintiffs in *Microsoft*, who sought to conduct a class action but were denied class certification and were denied an interlocutory appeal of that ruling pursuant to Fed. R. Civ. P. 23(f), attempted to obtain immediate appellate review under § 1291 without pursuing their individual claims to final judgment. With that goal, the plaintiffs "stipulated to a voluntary dismissal of their claims with prejudice, but reserved the right to revive their claims should the Court of Appeals reverse the District Court's certification denial." *Microsoft*, 582 U.S. at 23-24. Although judgment was entered on that voluntary dismissal, and the court of appeals found it sufficient to satisfy § 1291, the Supreme Court reversed, stating:

> We hold that the voluntary dismissal essayed by respondents does not qualify as a "final decision" within the compass of § 1291. *The tactic would undermine § 1291's firm finality principle, designed to guard against piecemeal appeals*, and subvert the balanced solution Rule 23(f) put in place for immediate review of

class-action orders.

*Id*. at 27 (emphasis added). We see no principled difference between the conditional-dismissal tactic disapproved in *Microsoft* as undermining the § 1291 finality requirement and the conditional dismissal allowed by the 2024 Order in this case.

In sum, the conditional dismissal placed plaintiffs in a win-win situation, allowing them to appeal the NYLL aspect of the case without a final resolution of their overlapping FLSA claims, and allowing them to pursue their overlapping FLSA and NYLL claims even if they lose on appeal.

B. *Rule 54(b)*

Nor can we agree with the parties that the district court's 2024 Order was an appropriate Rule 54(b) certification. First, "[t]o be certified under Rule 54(b), an order must possess the degree of finality required to meet the appealability requirements of 28 U.S.C. § 1291." *Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 388 (2d Cir. 1996)(internal quotation marks omitted). As we have already held, the conditional dismissal here lacks finality.

Second, in addressing the primary concern for judicial efficiency, and whether successive panels would be required to consider the same facts and issues, the district court compared the subclass plaintiffs' NYLL claims only with the

individual claims asserted by Zivkovic for national-origin discrimination. And, not surprisingly, the court found no significant overlap and no commonality of the issues that would arise in successive appeals of those disparate sets of claims. The court reached no such conclusion--and made no analysis--of the NYLL claims as compared to the FLSA claims that the subclass plaintiffs will be entitled to reinstate and pursue if, on appeal, the judgment on their NYLL claims is disturbed. Even without discussion, it seems obvious that there would be overlapping issues in the successive appeals, given the facts that "[i]t is undisputed that the NYLL and FLSA claims form part of the same case or controversy," *Zivkovic I*, 94 F.4th at 271. We have seen no suggestion that there is any difference between the FLSA and NYLL claims with respect to the underlying facts as to the nature and amount of work performed.

Further, even some of the differences in the FLSA and NYLL statutory schemes may well make it more efficient to have appellate consideration of both sets of claims occur simultaneously rather than in successive appeals. For example, on this appeal defendants argue that the district court erred in refusing to charge the jury as to certain defenses afforded by the NYLL. If the FLSA claims had been adjudicated and are not subject to such defenses, there would be the possibility--in an appeal involving both sets of claims--of an affirmance of a verdict for the plaintiffs on the FLSA claims even if not on the NYLL claims. And in that situation, it is entirely

plausible that plaintiffs might choose to accept their recovery on the FLSA claims rather than to go through another trial on the NYLL claims and possibly another appeal. That possibility of greater efficiency, however, was foreclosed by the Rule 54(b) certification of the NYLL claims for an immediate appeal without adjudication of the FLSA claims.

While it could have been reasonable to certify all of the subclass plaintiffs' NYLL and FLSA claims--had they all been adjudicated--for immediate appeal while Zivkovic's individual claims for national-origin discrimination remained for adjudication, that possibility cannot justify the certification for immediate appeal of the NYLL claims while the FLSA claims have not been adjudicated and are to be reinstated by plaintiffs if they lose on appeal.

CONCLUSION

We have considered all of the parties' contentions in support of the immediate appealability of the 2023 Partial Judgment and have found them to be without merit. The appeal is dismissed for lack of appellate jurisdiction.