*AL Infinity LLC v. Spalter, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> BETH ROBINSON,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

AL INFINITY LLC,

> *Plaintiff-Appellant*,

> v.                                                                    No. 24-1412

HERSCHEL SPALTER, ISSER BOYARSKY, DOES 1-10,

> *Defendants-Appellees*,

CROWN CELL INC.,

> *Defendant-Third-Party-Plaintiff-Appellee*,

WESTVIEW INDUSTRIES, INC.

       *Third-Party-Defendant*.[*]

_____

FOR APPELLANT:                            JEFFREY S. DWECK, The Law Firm of Jeffrey S. Dweck, P.C., New York, NY.

FOR APPELLEES:                           COBY S. NIXON, Buchalter APC, Atlanta, GA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 1, 2024, is **VACATED** and **REMANDED** for further proceedings.

Plaintiff-Appellant AL Infinity LLC ("AL Infinity") appeals the district court's entry of summary judgment for Defendant-Third-Party-Plaintiff Crown Cell Inc. and Crown Cell employees Defendants-Appellees Herschel Spalter and Isser Boyarsky (collectively "Crown Cell"), and its denial of AL Infinity's motion

_____

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

for summary judgment, on all its claims.[1]  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

AL Infinity manufactures, imports, and sells consumer electronics, and is the current trademark owner of the consumer electronics brand Altec Lansing. Crown Cell operates an online marketplace that sells products to consumers.  In 2016 and 2017, Crown Cell purchased two models of Altec Lansing branded speakers directly from Third-Party-Defendant Westview Industries, Inc. ("Westview").  To fulfill Crown Cell's order, Westview purchased the speakers from Shenzhen Fenda Technology Co., Ltd. ("Fenda"), a Chinese manufacturer.[2] Crown Cell then sold over half of the Altec Lansing branded speakers it ordered.

---

[1]  AL Infinity also names Does 1-10 as defendants, defining them as others who are "legally responsible in some manner for the events and happenings herein."  First Amended Complaint ¶ 11, No. 1:20-cv-4813 (S.D.N.Y. Mar. 15, 2021), ECF No. 26.  AL Infinity has never sought to amend its complaint to identify these defendants with more specificity.  Insofar as we vacate the district court's judgment as to the named defendants, we also vacate as to Does 1-10.

[2] There is some confusion about the identity of the entity that manufactured and sold the speakers to Westview.  On appeal, Crown Cell contends that Westview purchased the speakers from an affiliate of Fenda named Shenzhen Baoan Fenda Industrial Co., Ltd., but we read AL Infinity's response to Crown Cell's Rule 56.1 statement as admitting that the speakers were purchased from "Fenda," App'x 403 ¶ 29, which was Crown Cell's shorthand for Shenzhen Fenda Technology Co., Ltd., App'x 400 ¶ 14.  Moreover, an invoice documenting a shipment of the speakers bears the name "Shenzhen Fenda Technology Co., Ltd." at the top, but is signed at the bottom by an authorized signer on behalf of "Shenzhen Baoan Fenda Industrial Co., Ltd."  App'x 164-65.  For the purpose of our analysis, we hold Crown Cell to the position it took in the district court.

AL Infinity learned of the sales and sent Crown Cell a cease-and-desist letter in May 2017. Crown Cell responded to the letter and removed the product from at least one retailer's website.

In 2020, AL Infinity filed this lawsuit. AL Infinity's amended complaint asserts five causes of action, all arising from Crown Cell's alleged sale of Altec Lansing branded speakers without a license: trademark counterfeiting under 15 U.S.C. § 1114, trademark infringement under 15 U.S.C. § 1125(A), injury to business reputation and trademark dilution under N.Y. Gen. Bus. Law § 360-1, deceptive trade practices under N.Y. Gen. Bus. Law § 133, and unfair competition under New York common law. Crown Cell then brought a third-party complaint against Westview for indemnity and contribution and breach of implied warranty. Defendants moved for partial summary judgment against AL Infinity on the federal counterfeiting claim, and Westview joined that motion. AL Infinity cross-moved for summary judgment against Defendants on all claims.

The district court granted Defendants' motion for partial summary judgment and denied AL Infinity's cross-motion for summary judgment. *AL Infinity, LLC v. Crown Cell, Inc.*, No. 1:20-cv-4813, 2023 WL 5097979, at *1 (S.D.N.Y. Aug. 9, 2023). It concluded that AL Infinity had failed to present evidence that

4

Fenda was not authorized to manufacture the speakers, and that information about who had authority to produce the Altec Lansing branded speakers was "uniquely within [AL Infinity's] control." *Id.* at *9.[3] The district court elaborated that the absence of evidence was "telling," given the evidence in the record that Fenda "was at one point authorized to produce Altec Lansing goods." *Id.* The district court further concluded that because AL Infinity had failed to show the Altec Lansing branded goods were inauthentic—that is, manufactured without legal authority—"the predicate for the remaining four causes of action no longer exists." *Id.* at *11. The district court ultimately entered summary judgment in favor of Defendants on *all* of AL Infinity's claims. *AL Infinity, LLC v. Crown Cell, Inc.*, No. 1:20-cv-4813, 2024 WL 1907810, at *1 (S.D.N.Y. May 1, 2024).

We review the district court's grant of summary judgment without deference to the district court's reasoning. *See Atlas Air, Inc. v. International Brotherhood of Teamsters*, 943 F.3d 568, 576–77 (2d Cir. 2019). Summary judgment is proper if, construing the evidence in the light most favorable to the nonmoving

---

[3] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

5

party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* at 577.[4]

To prevail on a claim of trademark infringement, a plaintiff must establish that "(1) it has a valid mark that is entitled to protection . . . ; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services without the plaintiff's consent." *1-800 Contacts, Inc. v. WhenU.Com., Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005). The Lanham Act provides special rules and enhanced remedies when counterfeiting is involved. *See* 15 U.S.C. § 1117(b)–(c). The statute defines "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. And it specifically exempts from the enhanced penalties for counterfeiting the use of trademarks that the manufacturer had authorization

---

[4] In February 2025, we dismissed the appeal for lack of appellate jurisdiction because Crown Cell's third-party claims against Westview were still pending. Westview and Crown Cell then stipulated to a dismissal of Crown Cell's third-party claims without prejudice. Ordinarily, we lack appellate jurisdiction where a plaintiff, after receiving a decision dismissing some, but not all of its claims, voluntarily dismisses the surviving claims without prejudice in an attempt to secure appellate review of its dismissed claims. *See Zivkovic v. Laura Christy, LLC*, 137 F.4th 73, 82–83 (2d Cir. 2025). Here, however, the claims dismissed without prejudice were not additional claims by AL Infinity against Crown Cell, but were claims against third parties by Crown Cell for indemnification and contribution, in the event that the court found Crown Cell liable to AL Infinity. Those claims effectively fell away when the district court awarded summary judgment to Defendants. Dismissal of those claims did not position AL Infinity to take a second bite at the apple, nor was Crown Cell even required to bring those claims in this action or risk preclusion. We are therefore satisfied that we have appellate jurisdiction under 28 U.S.C. § 1291.

6

from the trademark holder to use at the time of the manufacture. 15 U.S.C. §§ 1117(b)(1), 1116(d)(1)(B). A critical question in this appeal is whether AL Infinity has created a genuine dispute of fact as to whether Fenda manufactured and sold the Altec Lansing branded speakers without authorization.

We conclude that it has. AL Infinity's principal asserted by sworn affidavit that AL Infinity owned the Altec Lansing brand and had not consented to Fenda's production of the speakers; in particular, he testified that the speakers had not been in AL Infinity's product line since AL Infinity acquired the brand in 2012, and had not been in the prior Altec Lansing trademark owner's line for years before that. That is sufficient evidence to support an inference that the Altec Lansing branded speakers that Fenda supplied to Crown Cell in 2016 and 2017 were manufactured without the consent of the owner of the trademark.

Defendants contest that conclusion, emphasizing that AL Infinity conceded that at some time in the past, before AL Infinity acquired the brand, Westview was a licensee of the Altec Lansing brand, and Fenda was an authorized manufacturer. Thus, Defendants argue, AL Infinity bears the burden to establish that Westview's and Fenda's licenses and authorization were *terminated*.

But AL Infinity's concessions cannot bear the weight Defendants assign them. Fenda's relationship to the Altec Lansing brand is reflected in a 2004 memorandum of understanding ("MOU") between Fenda and Altec Lansing Technologies, Inc. ("Altec Lansing Technologies,"), a prior owner of the Altec Lansing mark. That agreement authorized Shenzhen Baoan Fenda Industrial Co., Ltd. ("Fenda Industrial"), a Fenda affiliate, to manufacture goods *as a supplier to Altec Lansing Technologies*. It specifically precluded Fenda Industrial from selling any Altec Lansing "product or product design . . . to anyone in any market unless entering into a Brand Licensing Agreement." App'x 102. The agreement does not suggest that Fenda Industrial had the consent of a prior owner of the Altec Lansing mark to manufacture the Altec Lansing speakers at issue for sale *to other purchasers*. The same is true for the 2009 agreement between Fenda Industrial and Plantronics, Inc. (the owner of the Altec Lansing trademark immediately before the owner preceding AL Infinity). Though these agreements suggest that Fenda Industrial was at some time authorized to manufacture Altec Lansing products under certain circumstances, neither agreement suggests that Fenda, or its affiliate Fenda Industrial, had the authority to manufacture the Altec Lansing speakers on its own account *ever*, let alone in 2016 or 2017 when Crown Cell ordered the speakers at

8

issue. Nor do they suggest that Fenda had the authority to manufacture the speakers for sale to Westview. So even if these documents were admissible, and even if we treat Fenda Industrial as interchangeable with Fenda, the documents don't provide a basis to require AL Infinity to produce evidence reflecting a termination of Fenda's limited authority.

Nor is summary judgment warranted on the basis of the concession that Westview was once licensed as a sales representative for Altec Lansing products. The record support for that concession appears in an Amendment to Sales Representative Agreement between Westview and Plantronics, Inc., signed only by Westview. That agreement (1) provides that as of December 1, 2009, Westview "shall no longer be appointed to solicit orders for the Altec Lansing Products," (2) requires Plantronics to pay commissions due before that date, and (3) provides that Westview "shall continue to represent the Plantronics products on the same terms and conditions that are set forth in" a 2003 Sales Representative Agreement that is not itself in the record. App'x 100. That document reflects that Westview was, for a period, appointed to solicit orders for Altec Lansing products, but also reflects that, *as of December 1, 2009, Westview no longer had any such authority*. To the extent Crown Cell argues that AL Infinity was obligated to prove that Westview's

authority to solicit orders for Altec Lansing products came to an end, the document would seem to satisfy that burden.[5]

In short, the specific evidence supporting Crown Cell's argument that Fenda was previously authorized to manufacture Altec Lansing products and Westview was previously authorized to solicit orders does not conclusively rebut AL Infinity's sworn statement that the Altec Lansing speakers here were manufactured without authorization. Thus, the district court erred in awarding summary judgment on all claims to Crown Cell. To the extent that Crown Cell's theory is that the speakers were manufactured before 2012, pursuant to authorization from a prior trademark owner, or that they were solicited by Westview pursuant to preexisting authority that had never been terminated, Crown Cell must proffer evidence to support that contention.

Because the district court erred in concluding that AL Infinity had failed to establish a *prima facie* case, and its reasoning reflects an assumption that it was AL Infinity's burden to demonstrate that the agreements Crown Cell points to were terminated, *see AL Infinity, LLC*, 2023 WL 5097979, at *9, we vacate the district

---

[5] The district court rightly concluded that the evidence Crown Cell sought to rely on to establish that Westview had authority thereafter to solicit orders for Altec Lansing products was inadmissible under Federal Rule of Evidence 408. *AL Infinity*, 2023 WL 5097979, at *4 n.4.

court's denial of AL Infinity's motion for summary judgment and remand to give Crown Cell the opportunity to marshal the necessary evidence to defeat AL Infinity's summary judgment motion.

We thus **VACATE** the district court's summary judgment for Crown Cell, and its denial of summary judgment for AL Infinity, as to all claims and **REMAND** for further proceedings.[6]

\* \* \*

For the aforementioned reasons, the district court's judgment is **VACATED** and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] We vacate the judgments for Crown Cell on AL Infinity's claims for injury to business reputation, trademark dilution, deceptive trade practices, and common law unfair competition, because the district court rested those judgments on its conclusion that AL Infinity had failed to marshal sufficient evidence that the speakers were produced and sold without authorization. We express no opinion as to whether AL Infinity has otherwise produced sufficient evidence to support those claims. Nor do we express a view as to whether Crown Cell is entitled to partial summary judgment on the question of the willfulness of any counterfeiting violation.